UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

ROSEMARY SMITH,

                Plaintiff,

    -against-

INTERSTATE CREDIT COLLECTIONS,

                Defendant.
-------------------------------------------------------------------

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

*JUDGE SEIBEL*

Plaintiff ROSEMARY SMITH ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant INTERSTATE CREDIT COLLECTIONS ("Defendant" and/or "ICC"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") and New York General Business Law §349. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2.     Plaintiff is a resident of the State of New York, residing in this judicial district.

3.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant ICC is a North Carolina business entity engaged in business of collecting debts with its principal place of business located at 711 Coliseum Plaza Ct, Winston Salem, NC 27106-5300.

5.    ICC is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7.    The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10.    On information and belief, on a date better known to the Defendant, PROGRESS ENERGY, either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to ICC for collection ("the alleged debt").

11.    The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12.    Plaintiff disputes the alleged debt.

13.    At some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt.

14.    In or about February 2012, Plaintiff received and reviewed a copy of her credit report.

15.    Plaintiff's credit report contained a negative and/or a derogatory tradeline from Defendant.

16.     The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies. *See*, Daley v. A & S Collection Assocs., Inc., 2010 WL 2326256 (D. Or. June 7, 2010); Davis v. Trans Union, LLC., 526 F. Supp. 2d 577 (W.D.N.C. 2007).

17.     On or about May 14, 2012, Plaintiff and Defendant spoke on the telephone.

18.     Defendant failed to identify themselves as a "debt collector" to Plaintiff.

19.     Plaintiff disputed the alleged debt with Defendant.

20.     Plaintiff asked Defendant to provide Plaintiff with debt validation.

21.     Defendant claimed that a "final bill" was mailed to Plaintiff's old address in North Carolina.

22.     Defendant claimed and admitted that the "final bill" mailed to Plaintiff's old address in North Carolina was returned non-deliverable.

23.     Plaintiff again asked Defendant to provide Plaintiff with debt validation.

24.     Plaintiff again asked Defendant to provide Plaintiff proof of the alleged debt by sending a meter reading or other tangible proof.

25.     Defendant refused and/or failed to supply the documentation and information requested by Plaintiff.

26.     Defendant advised Plaintiff that the "burden of proof falls on you" to provide documentation and information.

27.     Defendant advised Plaintiff that "If you can provide proof you paid the balance then the debt is not owed".

28.     Said statement is false, deceptive and misleading.

29.     Defendant continued to advise Plaintiff that the "burden of proof" to show that the alleged debt is not valid is on Plaintiff.

30. Plaintiff advised Defendant that Plaintiff has the right to have Defendant's claim to payment of the alleged debt substantiated and proven.

31. Defendant refused and/or failed to supply the documentation and information requested by Plaintiff.

32. Defendant responded that "Progress Energy knows the debt is owed" and that Progress Energy put the claim in ICC's office "saying you owe this final bill".

33. Defendant hung-up the telephone on Plaintiff.

34. Defendant never provided Plaintiff with a § 1692g.

35. Alternatively, Defendant attempted to provide Plaintiff with a § 1692g notice for the alleged debt however no such notice was ever received by Plaintiff.

36. As such, Plaintiff was never properly afforded all the rights and remedies to dispute and/or request validation under § 1692g.

37. Plaintiff suffered and continues to suffer from damages including but not limited to stress, frustration, anger, mental anguish, fear of harm to credit history, body aches, and emotional distress as a result of Defendant's actions and inactions.

38. Plaintiff suffered and continues to suffer from actual damages as a result of Defendant's actions.

39. Therefore due to the Defendant's actions and inactions the Plaintiff is entitled to damages under the FDCPA.

**FIRST CAUSE OF ACTION**
**FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "39" herein with the same force and effect as if the same were set forth at length herein.

41. Defendants debt collection attempts attempted and/or directed towards the Plaintiff

violate various provisions of the FDCPA, including but not limited to the following:

    a.    15 U.S.C. §1692e-preface, (2), (3), (5), (7), (10), and (11).

    b.    15 U.S.C. §1692f-preface and (1).

    c.    15 U.S.C. §1692g.

42.    As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages.

## SECOND CAUSE OF ACTION
## NEW YORK STATE GENERAL BUSINESS LAW §349

43.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through 42" herein with the same force and effect as if the same were set forth at length herein.

44.    Defendant's debt collection efforts attempted towards the Plaintiff violated New York State General Business Law § 349.

45.    As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ROSEMARY SMITH demands judgment from the Defendant INTERSTATE CREDIT COLLECTIONS as follows:

    A.    For actual damages provided and pursuant to 15 U.S.C. §1692k;

    B.    For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

    C.    For damages provided and pursuant to NYS Gen Bus Law § 349;

    D.    For attorneys' fees, costs and disbursements;

    E.    For an award of pre-judgment interest on all sums awarded and/or collected;

F.      For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ROSEMARY SMITH hereby respectfully request a trial by jury for all claims and

issues in her Complaint to which she is or may be entitled to at a jury trial.


Dated:        July 27, 2012




Respectfully submitted,


By:_____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone:      (866) 479-9500
Facsimile: (866) 688-4300
Attorney for Plaintiff ROSEMARY SMITH